# MAHER & PITTELL, LLP
ATTORNEYS AT LAW

*Reply To:*  
**42-40 Bell Blvd, Suite 302**  
**Bayside, New York 11361**  
**Tel (516) 829-2299**  
*jp@jpittell.com*

*Long Island Office*  
**10 Bond St, Suite 389**  
**Great Neck, New York 11021**  
**Tel (516) 829-2299**  
*jp@jpittell.com*

December 11, 2024

Hon. Joan M. Azrack  
U.S. District Court - Eastern District of New York  
100 Federal Plaza  
Central Islip, NY 11722

Re:    *U.S. v. Henriquez, et, al.,* 20 cr 577 (JMA)

Dear Judge Azrack:

  I am counsel for Cesar Humberto Lopez-Larios, a defendant in the above referenced matter.

  I submit this letter in response to the Government's letter dated, November 22, 2024, and to request issuance of an order: 1) directing Mr. Lopez-Larios be transferred to a different unit within the MDC; and, 2) that I be authorized to expend CJA funds to purchase items for Mr. Lopez-Larios.

  During the conference held on November 13, 2024, I expressed concern that Mr. Lopez-Larios is being held indefinitely in the Special Housing Unit (the "SHU") despite not being subject to a disciplinary infraction. Due to his being in the SHU, he is locked in his cell for 23 hours per day. He is allowed out of his cell for one hour, to walk around in what is basically a large cage for "recreation." He does not have books or a radio. He is not permitted access to television, employment, communal religious observance or educational programs.

  In response the Government submitted a letter dated November 22, 2024, which, in essence, states very little can be done about this circumstance.

  The paramount concern is Mr. Lopez-Larios being locked in a cell for 23 hours per day which results in him being deprived of mental stimulation. The Government's letter reports Mr. Lopez-Larios will continue to be indefinitely locked in a cell in this manner and my request for additional time out of his cell "is an accommodation that cannot be made."

  We have requested he be given access to a communal room (to watch TV or socialize with other inmates), employment, recreation, education programs or religious services in order alleviate the isolation he is being forced to endure. However, the Government's letter informs none of these requests can be accommodated.

     Ironically, inmates who commit serious infractions within the prison community -- such as stabbing another inmate -- are treated better. They are only sent to the SHU for a limited period of punishment and then returned to general population where they can enjoy these modest privileges.

     The Government's letter reports the Bureau of Prisons ("BOP") and the U.S. Marshals ("USM") determined Mr. Lopez-Larios needs to be held in the SHU for his own safety due to potential threats from "from both another faction of MS-13, their own transnational criminal organization, and other rival criminal organizations, including the Mexican Mafia and Surenos." However, if safety is the reason he is being held in the SHU, then he should be transferred to an administrative unit, on the 8th floor, where at risk inmates -- including high profile ones such as Sean "Diddy" Combs or Juan Orlando Hernandez (the former president of Honduras) -- are safely housed due to concerns for their safety.

     The Government's letter reports that books and a radio are available to Mr. Lopez-Larios. However, it indicates they must be paid for by the undesigned or his family (who are indigent and not in the U.S.). We submit that since it was the decision of the BOP and the USM to confine him in this manner, they should at least provide items which can alleviate mental stress caused by the endless boredom of being locked in a call indefinitely. Nonetheless, if neither the BOP, nor the USM, are willing to provide him a radio and books, please accept this letter as a request for authorization, to expend CJA funds, to purchase these items for Mr. Lopez-Larios.

     Based upon the foregoing, I respectfully request the Court issue an order directing Mr. Lopez-Larios to be transferred to an administrative unit and authorizing the undersigned to expend CJA funds to purchase a radio and books for him. In the alternative, I request the Court schedule a hearing to address this matter.

                                              Respectfully submitted,
                                              /s/
                                            Jeffrey G. Pittell

cc:    Government counsel of record (by ECF)