

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

JJD
F. #2020R00632

March 11, 2025

**TO BE FILED UNDER SEAL**

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
920 Federal Plaza
Central Islip, New York 11721

        Re:    United States v. Cesar Lopez-Larios
                 Criminal Docket No. 20-577 (JMA)

Dear Judge Azrack:

      The government respectfully submits this motion requesting that the Court dismiss the above-captioned indictment against the defendant Cesar Lopez-Larios (the "defendant" and "Lopez-Larios") without prejudice, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, because, as set forth below, the United States has determined that sensitive and important foreign policy considerations outweigh the government's interest in pursuing the prosecution of the defendant, under the totality of the circumstances, and therefore require dismissal of the case. A proposed order of dismissal is attached hereto and the government is respectfully requesting that the Court grant this dismissal this evening given operational considerations.

      I.    Background

      On December 16, 2020, a grand jury sitting in the Eastern District of New York returned the above-captioned indictment (the "Indictment"), charging the defendant and 13 other high-ranking leaders of La Mara Salvatrucha, also known as the "MS-13," with: (1) Conspiracy to Provide or Conceal Material Support to Terrorists, in violation of 18 U.S.C. § 2339A; (2) Conspiracy to Commit Acts of Terrorism Transcending National Boundaries, in violation of 18 U.S.C. § 2332b; (3) Conspiracy to Finance Terrorism, in violation of 18 U.S.C. § 2339C; and (4) Narco-Terrorism Conspiracy, in violation of 21 U.S.C. § 960a. An arrest warrant was issued for Lopez-Larios that same day, but he was a fugitive for more than three years, until he was arrested by the Federal Bureau of Investigation (FBI) and Homeland Security Investigations (HSI) on June 9, 2024 when he arrived at George Bush Intercontinental Airport in Houston, Texas. Thereafter, he made an initial appearance in the Southern District of Texas and he was ordered to be removed in custody to the Eastern District of New York, where he is pending trial on the above charges.

Due to geopolitical and national security concerns of the United States, and the sovereign authority of the Executive Branch in international affairs, the United States is dismissing the indictment against the defendant without prejudice, so that El Salvador can proceed first with its criminal charges against the defendant under Salvadoran law.

II. Legal Standard

Rule 48(a) provides that "The government may, with leave of court, dismiss an indictment, information, or complaint." Although the Rule requires leave of the court, the Second Circuit has explained that a "court is generally required to grant a prosecutor's Rule 48(a) motion unless dismissal is 'clearly contrary to manifest public interest.'" United States v. Pimentel, 932 F.2d 1029, 1033 n.5 (2d Cir.1991) (quoting United States v. Cowan, 524 F.2d 504, 513 (5th Cir.1975)). The rationale behind this general rule is that the "Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated." Cowan, 524 F.2d at 513. As the Supreme Court has stated, "[t]he principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection . . . . But the Rule has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest." Rinaldi v. United States, 434 U.S. 22, 30 n.15 (1977) (internal citation omitted). Although "the prosecution does not have the burden of proof to show that dismissal is in the public interest," district courts have held that the government "is under a duty to provide sufficient reasons to the court that amount to more than a mere conclusory interest." United States v. KPMG LLP, No. 05 Cr. 903, 2007 WL 541956, at *5 (S.D.N.Y. Feb. 15, 2007). The standard to show a manifest public interest is limited to "extraordinary cases where it appears the prosecutor is motivated by considerations clearly contrary to the public interest" and the presumption is that the Government is acting in good faith. See id. at *5 (identifying as examples of contrary to the public interest when "the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial."); see also United States v. Jacobo-Zavala, 241 F.3d 1009, 1012 (8th Cir.2001) ("[T]he presumption of regularity supports [the Government's] prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that the[ ] [Government] ha[s] properly discharged [its] official duties."); United States v. Salinas, 693 F.2d 348, 351 (5th Cir.1982) ("Neither the trial court nor this Court on appeal can substitute its judgment for the prosecutor's determination [of the public interest] or can second guess the prosecutor's evaluation.")).

Dismissal pursuant to Rule 48(a) is generally without prejudice. See United States v. Ortega-Alvarez, 506 F.2d 455, 458 (2d Cir. 1974) (per curiam) ("The rule is that when an indictment is dismissed before trial upon the government's motion under Rule 48(a) of the Federal Rules of Criminal Procedure, the dismissal is without prejudice to the government's right to reindict for the same offense, unless the contrary is expressly stated."). Courts dismiss cases with prejudice only where the prosecutor acted in bad faith or where dismissal followed by recharge would amount to prosecutorial harassment. See United States v. Doody, No. 01 Cr. 1059, 2002 WL 562644, at *2 (S.D.N.Y. Apr. 16, 2002). One court has noted that "no appellate court has upheld a denial of a motion to dismiss, where the defendant has consented to the dismissal,

grounded on a finding of 'bad faith' or action 'contrary to the public interest' alone." KPMG, 2007 WL 541956, at *6.

### III. Motion to Dismiss

As the government has previously explained to the Court, the evidence in this case is strong and the defendant was investigated, charged and has been prosecuted consistent within the appropriate principles of federal prosecution. See Justice Manual § 9-27.220.

Pursuant to Justice Manual § 9-2.159, substantial reasons of geopolitical, national security, foreign policy or related concerns may require the Department to abandon an investigation, forego litigation, or seek dismissal of a case. Accordingly, the government hereby moves to dismiss the pending charges against the defendant without prejudice, in order to permit the prosecution of the defendant to proceed in the first instance in El Salvador. See Justice Manual § 9-2.159 ("Situations may arise where substantial reasons of national security, foreign policy or the like may require the Department to abandon an investigation, forego litigation, or seek dismissal of a case.").

### IV. Conclusion and Sealing Request

Accordingly, the government respectfully requests that the Court dismiss the indictment against the defendant without prejudice pursuant to Federal Rule of Criminal Procedure 48(a), this evening.

Lastly, the government respectfully requests that this letter be kept under seal given significant operational concerns, including the safety of the officers transferring the defendant. Further, public disclosure of this motion before that date could cause harm to the government's relationship with a foreign ally. See United States v. Trabelsi, No. CR 06-89 (RWR), 2015 WL 5175882, at *8 (D.D.C. Sept. 3, 2015) (granting request to seal documents produced to defendant in part due to "the government's representations regarding the potential harm to the relationship between the United States and its foreign allies"); United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) (sealing appropriate to protect law enforcement interests). The government respectfully submits that this request is narrowly tailored and appropriately balances the government's compelling interests with the public's qualified right to access this document. See United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995); United States v. Haller, 837 F.2d 84, 87 (2d Cir. 1988).

Respectfully submitted,

By: /s/ John Durham
John J. Durham
United States Attorney
Eastern District of New York

cc: Jeffrey Pittell, Esq. (by email)